UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50243
Summary Calendar
_____

GASTON A. SHUMATE,

Plaintiff-Appellant,

versus

MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
(No. 396-CV-0236-T)
_____

December 13, 1996

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Gaston A. Shumate appeals, *pro se*, from a district court order denying his motions to reconsider a transfer of venue, and to remand, for bankruptcy investigation, and for appointment of a bankruptcy trustee. Because we lack appellate jurisdiction, we **DISMISS**.

Shumate filed a voluntary petition for bankruptcy under Chapter 11 in February 1991 in the United States Bankruptcy Court

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

of the Western District of Texas. The proceeding was subsequently converted to a Chapter 7 proceeding, and a trustee of the estate appointed. One of Shumate's listed assets was a cash management account (CMA) with Merrill Lynch, Pierce, Fenner & Smith, Inc., a defendant in this action.

In December 1995, John A. Montez, also a defendant and counsel to the trustee, attempted to liquidate the CMA pursuant to a July 29, 1992, bankruptcy court order. Because of the three-year time gap, Merrill Lynch requested adequate documentation to insure that the order was still operative. While Montez was obtaining that information, Shumate filed this action in state court in Dallas County. He sought a temporary injunction to restrain Merrill Lynch and Montez from selling any assets of the bankruptcy estate, and also claimed personal injuries and intentional infliction of emotional distress as a result of their actions.

Montez removed this action to the United States District Court for the Northern District of Texas, citing 28 U.S.C. § 157(b)(2) in the removal notice and stating that this action involved a "core proceeeding" under that section. Merrill Lynch joined in the removal.

Montez subsequently moved to transfer venue to the Western District of Texas, where the bankruptcy proceeding was pending or, in the alternative, to dismiss. Again, Merrill Lynch joined in the motion. Shumate did not file any opposition. The district court granted the motion to transfer, citing 28 U.S.C. § 1452 and

explaining that Shumate's suit was related to the bankruptcy proceedings pending in the Western District.

Shumate subsequently moved for rehearing on the transfer of venue, as well as for remand, bankruptcy investigation, and appointment of trustee. The district court denied his requests, citing his failure to respond to the original transfer motion and the fact that this action was no longer pending in the Northern District. The court explained that it was not ruling on the merits of the motions to remand, for bankruptcy investigation, and for appointment of trustee; Shumate was free to seek such relief in the Western District. Shumate filed a timely notice of appeal in the Northern District.

In general, we have appellate jurisdiction only over final decisions of district courts. 28 U.S.C. § 1291. It is well settled in this circuit that granting a motion to transfer venue is an interlocutory, unreviewable order. *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1298 (5th Cir. 1994), *cert. denied sub nom. Enplanar, Inc. v. West*, 115 S. Ct. 312 (1994). Consequently, we lack jurisdiction to review the ruling on transferring this action.

We also lack appellate jurisdiction to review the remand ruling. Removal from state court to the Northern District properly was based on 28 U.S.C. § 1452(a), because the district court had jurisdiction under 28 U.S.C. § 1334. *See* 28 U.S.C. § 1452(a). As a "civil proceeding" related to a pending bankruptcy case,

Shumate's state court action satisfied the jurisdictional prerequisites of § 1334.  Under 28 U.S.C. § 1452(b), a district court's refusal to remand is not reviewable on appeal.  28 U.S.C. § 1452(b).  Consequently, we also cannot review the remand denial.

Finally, the remaining rulings -- denying bankruptcy investigation and appointment of trustee -- are clearly interlocutory.  Shumate, as the district court noted, is free to seek such relief in the Western District.  Once again, there being no final decision, we lack appellate jurisdiction.  28 U.S.C. § 1291.

*APPEAL DISMISSED*